UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**OCT 0 3 2024**

UNITED STATES DISTRICT JUDGE
MARTHA M. PACOLD

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23 CR 375 |
| v. | Judge Martha M. Pacold |
| ANTHONY PRISCO | |

## PLEA AGREEMENT

1.      This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant ANTHONY PRISCO, and his attorney, GARY W. ADAIR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.      The indictment in this case charges defendant with possession and transferring a machinegun, in violation of Title 18, United States Code, Section 922(o)(1) (Counts One, Two, and Four); and possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Three).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with possession and transferring a machinegun, in violation of Title 18, United States Code, Section 922(o). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about June 15, 2023, at Oak Forest, in the Northern District of Illinois, Eastern Division, defendant did knowingly possess and transfer a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), namely, 20 machinegun conversion devices, also known as "auto sears" and "Glock switches," a part designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Section 922(o)(1).

2

More specifically, on or about June 15, 2023, defendant arranged to sell 20 machinegun conversion devices ("MCDs") for $1,400 to an individual, who unbeknownst to defendant, was an undercover agent (the "UC"). Defendant admits that he used a 3D printer he possessed to create the MCDs and that he knew that MCDs could be attached to semiautomatic firearms in order to allow the firearm to fire multiple rounds with a single trigger pull. Later that same day, defendant met with the UC and provided the UC with 20 MCDs and received $1,400 in return.

On or about June 20, 2023, defendant and the UC arranged to meet so defendant could sell the UC five MCDs, a 3D printer, a universal serial bus ("USB") card, and a secure digital ("SD") card that contained the files required to 3D print MCDs. Later that day, defendant and the UC met, and defendant provided the UC with five MCDs, a 3D printer, a USB card, and an SD card. In exchange, the UC provided defendant with $1,500. Defendant admits that the 3D printer he sold to the UC was the same 3D printer defendant used to print the MCDs. Defendant further admits that the SD card he sold to the UC contained the files to 3D print "Invi Ones," which are MCDs that lay flush with the back plate of a firearm, concealing the MCD.

On or about June 21, 2023, defendant and the UC arranged to meet so defendant could sell the UC a firearm. Later that same day, defendant and the UC met, and defendant provided the UC with a Rossi, Model 68, .38 caliber firearm, bearing an obliterated serial number. In exchange, the UC provided defendant with $900. Defendant admits that at the time he possessed the firearm on or about June

3

21, 2023, he was on probation, in the Circuit Court of Cook County, Illinois, in case number 22 CR 0339201. Defendant further admits that, pursuant to the conditions of his probation in case number 22 CR 0339201, he was prohibited from possessing a firearm.

On or about June 29, 2023, at his residence located on Rob Roy Drive in Oak Forest, Illinois, defendant possessed six MCDs and two auto sears on top of the dresser in his bedroom. Defendant admits that he printed the MCDs and auto sears with his 3D printer. Defendant further admits that the auto sears were designed to be inserted into semiautomatic AR-type firearms to allow it to fire multiple rounds with a single trigger pull.

### Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 10 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than three years.

b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

4

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2023 Guidelines Manual.

5

b.     **Offense Level Calculations.**

<u>Offense of Conviction and Relevant Conduct</u>

i.        The base offense level is 14, pursuant to Guideline §§ 2K2.1(a)(6) because defendant was prohibited from possessing a firearm at the time he committed the instant offense.

ii.       The offense level is increased by four levels because the firearm had an altered or obliterated serial number, pursuant to Guideline § 2K2.1(b)(4)(B).

c.     **Acceptance of Responsibility.**

xi.       Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xii.      In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court

6

determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

d. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 0 and defendant's criminal history category is I because he has no prior convictions.

e. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 15 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 18 to 24 months' imprisonment, in addition to any supervised release and fine the Court may impose.

f. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation

7

officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a

8

condition of any term of supervised release or probation imposed in this case, a requirement that defendant repay the United States $3,800 as compensation for government funds that defendant received during the investigation of the case.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. After sentence has imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment.

## Forfeiture

16. Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

17. Defendant agrees to forfeiture of the following specific property to the United States: six machinegun conversion devices, which were recovered from his bedroom on June 29, 2023, located on Rob Roy Drive in Oak Forest, Illinois. In doing so, defendant admits that the property described above represents property involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific

9

property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

18. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

19. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 23 CR 375.

21. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States

10

Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22.     Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a.      **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him

11

unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

23.     Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

24.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

13

25. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

14

## Other Terms

27.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

28.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

29.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant,

15

any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

31. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

32. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _October 3, 2024_

_Morris Pasqual_ by SME
MORRIS PASQUAL
Acting United States Attorney

ANTHONY PRISCO
Defendant

SIMAR KHERA
Assistant U.S. Attorney

GARY W. ADAIR
Attorney for Defendant

16